UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANJIT SINGH, A-240-955-659,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | No. 1:26-cv-4786 TLN AC<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, an immigration detainee proceeding through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed below, the undersigned recommends petitioner's petition be granted, petitioner be immediately released, and respondents be enjoined from unlawfully re-arresting or re-detaining petitioner.

////

////

////

////

////

////

////

////

I. Factual Background[1]

Petitioner, a native and citizen of India, entered the United States without inspection on January 2, 2022. ECF No. 1 (Verified Petition) at 17. Petitioner was apprehended by Customs and Border Protection and subsequently released on conditional parole under 8 U.S.C. § 1226(a)(2)(B). Id. While on parole, petitioner filed an affirmative asylum application with United States Citizenship and Immigration Services, which is still pending. Id. at 17-18.

On May 14, 2026, petitioner was re-detained without a warrant and without a pre-deprivation notice or hearing. Id. at 2, 18. Petitioner has no criminal history and has not violated the conditions of his release. Id. at 3. 18-19. Petitioner has not had a bond hearing. See Id. at 18.

On May 15, 2026, petitioner was served with a Notice to Appear, charging him as "an alien present in the United States who has not been admitted or paroled." ECF No. 6 at 4; see also ECF No. 1 at 18. Petitioner remains in custody at California City Immigration Processing Center.[2]

////

---

[1] Despite the court's order directing that "[t]he response shall include petitioner's Form I-213 for each immigration encounter, any orders of release or detention, any custody warrants, notices, or decisions, and if respondents dispute any factual representations in the operative petition, any and all documents necessary to support their view of the facts, ECF No. 5, respondents provided only the Notice to Appear issued March 15, 2026, the I-213 from petitioner's May 2026 arrest, and Form I-200, Warrant for Arrest of Alien. ECF No. 6 at 4-14. Of note, respondents did not provide the I-213 from petitioner's January 2022 encounter with immigration authorities or the document under which petitioner was released. Nonetheless, the court finds the documents submitted sufficient to establish the facts recounted herein.

The court further notes that respondents did not deny petitioner's factual allegations in their response. As such, all facts contained in the petition are deemed admitted and will be relied upon, unless the record reflects contrary facts. Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.").

[2] The court takes judicial notice of the information on the Immigration and Custom Enforcement's Inmate Locator website, operated by the Department of Homeland Security, available at https://locator.ice.gov/odls/#/search (last visited August 12, 2026), which confirms that as of the date of this order, petitioner remains in custody at California City Immigration Processing Center. See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

II. Procedural History

Petitioner, through counsel, filed a petition for writ of habeas corpus, challenging the lawfulness of his detention. ECF No. 1. By minute order, respondents were directed to respond to the petition and required to "substantively address whether there are any factual or legal issues that materially distinguish it from the court's prior orders in Mohammad S. v. Andrews, No. 1:26-cv-0590 TLN CSK, 2026 WL 480095 (E.D. Cal. Feb. 20, 2026), Lida G.B. v. Albarran, No. 1:25-cv-2061 TLN CKD, 2026 WL 19104 (E.D. Cal. Jan. 3. 2026), Morales-Flores, v. Lyons, No. 1:25-cv-1640 TLN EFB, 2025 WL 3552841 (E.D. Cal. Dec. 11, 2025), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable." ECF No. 5. Respondents filed a response, and petitioner filed supplemental authority. ECF Nos. 6, 7.

III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

IV. Discussion

The petition asserts petitioner's detention is unlawful under the Fifth Amendment Due Process Clause and the Immigration and Nationality Act (INA). ECF No. 1 at 22-25. By way of relief, the petition seeks an order declaring that petitioner's arrest and detention violate the Fifth

Amendment Due Process Clause and the INA, immediately releasing petitioner from custody, enjoining respondents from re-detaining petitioner absent a material change in circumstances and a constitutionally adequate pre-deprivation process, and awarding costs and reasonable attorneys' fees and any further relief deemed just and proper. Id. at 26.

As noted above, the court's briefing order directed a response to the petition and that respondents substantively address whether there are any factual or legal issues that materially distinguish it from the court's prior orders in Mohammad S., Lida G.B., and Morales-Flores. In their response to the petition, respondents concede "there appears to be no substantive distinctions between this case and the cases the Court cited in its minute order (ECF 5)." Nevertheless, respondents argue no relief should be granted because petitioner is "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)" and that "[p]etitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress." ECF No. 6 at 1-2. Respondents' arguments are without merit.

In Mohammad S., petitioner asserted he was unlawfully subject to mandatory detention in violation of due process. Mohammad S., 2026 WL 480095, at *2. There, the court found that petitioner, a noncitizen who entered the United States unlawfully, turned himself into border authorities, and was released on conditional parole for a year before re-detention, has a liberty interest in his continued freedom, is not subject to mandatory detention under 8 U.S.C. § 1225(b), is subject to detention under 8 U.S.C. § 1226(a), and entitled to the process the statute provides. Id. at 3. The court further found that under these circumstances and the Mathews v. Eldridge test, due process required a pre-deprivation notice and hearing to determine whether re-detention was warranted. Id. at *5. The court held that respondents violated petitioner's procedural due process rights and enjoined respondents from re-detaining or re-arresting petitioner absent compliance with constitutional protections. Id.[3]

---

[3] Because the petitioner in Mohammad S. was released via the court's order granting Mohammad's motion for temporary restraining order, the court did not need to order his release when granting the petition. See Mohammad S., 2026 WL 480095, at *1.

Similarly, in Lida G.B., petitioner asserted her detention was unlawful under the Fifth Amendment Due Process Clause and the INA. Lida G.B., 2026 WL 19104, at *2. There, the court found, inter alia, that Lidia G.B., a noncitizen who entered the United States unlawfully, was detained and released on parole pursuant to 8 U.S.C. § 1182(d)(5), has a liberty interest in her continued freedom and a due process right, under Mathews v. Eldridge test, to a pre-deprivation notice and hearing to determine whether re-detention is warranted. Id. at *2-5. The same relief was ordered. Id. at *5.

In Morales-Flores, on a motion for temporary restraining order, petitioner asserted that his detention following revocation of his release without complying with the provisions in 8 U.S.C. § 1226(a) violated the INA and the Fifth Amendment Due Process Clause. Morales-Flores, 2025 WL 3552841, at *2. There, the court found that petitioner, a noncitizen who was presumably released for six years prior to his purported detention under 8 U.S.C. § 1225(b)(2), "is not an applicant 'seeking admission' subject to mandatory detention under § 1225(b)(2)," is subject to detention under § 1226(a) and entitled to the process the statute provides, has a liberty interest in his continued freedom and entitled to a pre-deprivation hearing prior to re-detention, and is likely to succeed on his statutory and constitutional claims. Id. at *2-6. The court converted the motion to a motion for preliminary injunction, ordered petitioner's immediate release from custody, and enjoined and restrained respondents from re-arresting or re-detaining petitioner absent compliance with constitutional protections." Id. at *7.

Considering the facts of this case, and respondents' concession that this case is not materially distinguishable from the court's prior orders in Mohammad S., Lida G.B., and Morales-Flores, or any other cases in which this court has ordered habeas relief, the undersigned adopts and incorporates by reference the reasoning in Mohammad S., Lida G.B., and Morales-Flores and finds that (1) petitioner's detention under § 1225(b)(2) deprived him of the custody procedures Congress authorized for persons like petitioner under § 1226(a), (2) petitioner's re-detention without a pre-deprivation hearing before a neutral adjudicator deprived him of due process under the Fifth Amendment Due Process Clause, and (3) based on such deprivations, petitioner's detention violates the INA and the Fifth Amendment.

Moreover, recently, in Rodriguez Vazquez v. Bostock, ___ F.4th ___, 2026 WL 2196424 (9th Cir. July 30, 2026), the Ninth Circuit held that noncitizens present without admission who are apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A), and are eligible for release on bond pending removal proceedings. Id. at *10, *26. On March 14, 2026, when petitioner was taken into immigration custody, he was apprehended within the interior of the United States after living here for four years under conditional parole and therefore was not an "applicant for admission" who was "seeking admission." Accordingly, petitioner is subject to detention under § 1226(a), not mandatory detention under § 1225(b)(2).

Because petitioner has been detained for three months without the procedure due to him under 8 U.S.C. § 1226(a), the appropriate remedy for the statutory violation is to release him from unlawful custody. See, e.g., Dinesh S. v. Chestnut, No. 1:26-cv-01717 TLN EFB, 2026 WL 1028016, at *2 (E.D. Cal. April 16, 2026) (citing Quijada Cordoba v. Knight, 809 F. Supp. 3d 1110, 1122 (D. Idaho 2025) (ordering release of detainee challenging his detention without a bond hearing and collecting cases); Briceno Solano v. Mason, No. 2:26-CV-00045, 2026 WL 311624, at *20 (S.D.W. Va. Feb. 4, 2026) (ordering release and rejecting the Government's argument that a bond hearing is the appropriate remedy)). The undersigned further finds that the remedy for the constitutional violation in this case is petitioner's immediate release from immigration detention. Ordering a post-deprivation hearing under such circumstances would render the due process right to a pre-deprivation hearing meaningless. See Mendoza v. Adelanto ICE Processing Center Warden, No. 5:26-cv-02144, 2026 WL 1480247, at *4 (C.D. Cal. May 22, 2026) ("allowing the government to 'cure' such a violation by providing a post-detention hearing would effectively render any holding that a pre-detention hearing is required meaningless"); Martinez Lopez v. Dep't of Homeland Sec. et al., No. 25-cv-03607, 2026 WL 1365980, at *7 (C.D. Cal. Apr. 23, 2026) ("a post-detention bond hearing would offer little more than cold comfort to Petitioner, whose erroneous deprivation of liberty, along with the concomitant damage to his mental health and impact on his family, has already taken place") (citation modified).

////

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:

    a. Respondents shall IMMEDIATELY RELEASE petitioner RANJIT SINGH, A-240-955-659, with the same conditions he was subject to immediately prior to his detention on May 14, 2026. At the time of release, respondents must return all of petitioner's documents and possessions.

    b. Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

    c. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

2. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

3. Petitioner's request for attorney's fees and costs be DENIED without prejudice to bringing a properly noticed and supported motion.

4. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his re-detention.

5. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written

briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 12, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE